IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DONALD E. GROFF, et al,** | : | |
| **Defendants** | : | **NO. 05-5026** |

**MEMORANDUM and ORDER**

PRATTER, DISTRICT JUDGE                                                                                                 JULY 12, 2006

The Government has brought this foreclosure action against Defendants Donald, Sherry, Jere, and Betty Groff. Proper service of the Complaint was effected on each Defendant. Defendants Jere and Betty Groff answered the Complaint, but the remaining Defendants have not. Plaintiff subsequently filed a Motion for Summary Judgment on February 9, 2006, which was certified to have been served upon the Defendants. Notwithstanding the Court's Order of April 10, 2006, which warned that the Motion would be considered unopposed if no response was received by May 5, 2006, the Defendants have not responded to the Motion. For the following reasons, the Court finds that summary judgment is proper and appropriate, and the Plaintiff's Motion will be granted.

**I.    FACTUAL AND PROCEDURAL HISTORY**

The Defendants in this case are adult members of a family. Jere and Betty Groff are Donald's parents. Sherry Groff is their daughter-in-law. The Government filed its complaint on February 21, 2006, alleging that on or about March 28, 2000, the Government loaned Defendants Donald and Sherry Groff $115,000 pursuant to the provisions of the Consolidated Farm and

Rural Development Act. Defendant Donald Groff, as Borrower, and Sherry Groff, as Co-Signer, executed and delivered to the Government a Promissory Note dated March 28, 2000 in the amount of $115,000. Defendants Jere and Betty Groff executed a mortgage against the real property located at 2726 Colebrook Road, Manheim, PA, 17545 as security for the loan made to Donald and Sherry Groff. The Government alleges it recorded the mortgage on March 29, 2000 with the Recorder of Deeds, Lancaster County, Pennsylvania, Book 6580, Page 0443.

The Government asserts that Donald and Sherry Groff violated the terms of the note by failing to pay the installments of principal and interest when due. The promissory note, in relevant part, provides that:

> Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. UPON ANY SUCH DEFAULT, the Government, at its option may declare all or any part of any such indebtedness immediately due and payable.

The Government further alleges that the amounts due on the Promissory Note and mortgage are (1) principal and advances in the amount of $97,666.06; (2) interest through May 19, 2005 in the amount of $10,850.39; and (3) interest accruing from May 19, 2005 at the daily rate of $12.71. The Government asserts that all conditions precedent to bringing this action have been performed or have occurred, including those set forth in 7 CFR 1951.901, *et seq*.

The Answering Defendants, Jere and Betty Groff, denied the Government's allegations and asserted three affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) unclean hands; and (3) failure to comply with the Truth in Lending Act.

Subsequently, on February 9, 2006, the Government filed its Motion for Summary Judgment, which was certified to have been served upon the Defendants. The Defendants did not timely respond to the Motion, and, on April 10, 2006, the Court ordered that it would consider the Government's Motion as unopposed unless the Defendants filed and served their response(s) on or before May 5, 2006. No such responses were filed by that extended deadline or from that date to the date of this Memorandum.

## II.  LEGAL STANDARDS

Pursuant to Local Rule of Civil Procedure 7.1(c), Federal Rule of Civil Procedure 56(c) governs unopposed summary judgment motions.[1] Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility to inform the district court of the basis for the motion and to identify those portions of the record that

---

[1] Local Rule of Civil Procedure 7.1(c) provides, in relevant part:

> Any party opposing [a] motion shall serve a brief in opposition, together with such answer or other response as may be appropriate, within fourteen (14) days after the service of the motion and supporting brief. . . . In the absence of a timely response, the motion may be treated as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R. Civ. P. 56(c).

demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented in the motion in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255; USX Corp v. Liberty Mut. Ins. Co., Nos. 04-1277 & 04-1300, 2006 U.S. App. LEXIS 8702, at *12-13 (3d Cir. Apr. 10, 2006).

Pursuant to Federal Rule of Civil 56(e), however, when the non-moving party fails to respond to the motion, the court may only grant the moving party's motion "if appropriate." Fed. R. Civ. P. 56(e). The Court of Appeals for the Third Circuit has held that a court may "appropriately" grant an unopposed summary judgment motion as follows:

> Where the moving party has the burden of proof on the relevant issues, . . . the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law. Where the moving party does not have the burden of proof on the relevant issues, . . . the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law.

Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). Thus, here, in order to grant the Government's motion, the facts set forth in the Government's motion must entitle the Government to judgment as a matter of law. Id. at 176. As discussed below, in this instance the Court rules that the Government has appropriately demonstrated it is so entitled.

### III.    DISCUSSION

In this mortgage foreclosure action, the Government must show "the existence of an obligation secured by a mortgage, and a default on that obligation." Chemical Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995). The Government has the burden of proof to show that the Defendants have defaulted on the loan and foreclosure is proper. Thus, the Court must determine whether the facts specified in or in connection with the motion entitle the Government to judgment as a matter of law.

In support of its allegations, the Government has provided the Court with evidence that the it loaned $115,000 to Donald and Sherry Groff and that, as security for the loan, Jere and Betty Groff executed and delivered to the Government a mortgage encumbering their interest in the real property at issue, namely, 2726 Colebrook Road, Manheim, PA, 17545. The Government has further provided evidence showing that the Defendants were notified that they were in default under the loan for non-payment of interest and principal and that they had failed to abide by the condition to continue farming. The notices, all dated October 20, 2004, notified the Defendants of the Government's intention accelerate the balance due on the loan and begin a foreclosure action.

As noted above, the Defendants have not responded to the Motion for Summary

Judgement. Donald and Sherry Groff did not respond to the Complaint, and, thus, they are deemed to have admitted all of the allegations in the Complaint. FED. R. CIV. P. 8(d). Jere and Betty Groff did respond to the Complaint, denying the material allegations of the Complaint and, as noted above, asserting three affirmative defenses.

Here, the Government has proffered such facts and evidence which would entitle it to judgment as a matter of law, including the loan, mortgage, and proof of default. In the face of this evidence, Defendants Jere and Betty Groff have not provided the Court with any evidence tending to show that the Government is not entitled to judgment as a matter of law. Accordingly, the Government's Motion for Summary Judgment will be granted.

### III. CONCLUSION

In light of the foregoing, the Court finds that the Government has shown that summary judgment is appropriate, and, thus, the Motion for Summary Judgment will be granted.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DONALD E. GROFF, et al,** | : | |
| **Defendants** | : | **NO. 05-5026** |

## ORDER

AND NOW, this 12th day of July, 2006, upon consideration of the Government's Motion for Summary Judgment (Docket Nos. 7,8) and Exhibit C to the Motion for Summary Judgment (Docket No. 10), it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge